HIRAM McELROY ET AL v. ESTHER PHILLIPS ET AL.

Executors and Administrators—Inventory—Laches.

> An executor will not be heard to complain because he is charged
> with the amount of notes on hand belonging to the testator at the time
> of his death. It was his duty, as executor, to have made and returned
> and inventory of these notes.

APPEAL FROM UNION CIRCUIT COURT.

February 13, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The first objection urged against the judgment is, that no refunding bonds were tendered to appellant by the legatees.

The will was probated and the executor qualified in 1844,. and the judgment complained of not rendered until November 1867, more than 23 years thereafter; the testator appears to have been indebted to a very limited extent, if at all, when he died, and if appellant had not paid all of his debts before the judgment, the lapse of time will shield him from all danger; refunding bonds were not therefore necessary for his protection.

2. He complains because he was charged with $2100 as the amount of notes on hand belonging to the testator at the time of his death. It was his duty as executor to have returned an inventory of all the notes on hand; this he failed to do. And failed at any time to furnish to the court a list of the notes owned by testator at any time, although he stated in his answer he would do so. Elder proves that he saw the notes in the possession of Ben Parker with whom they were placed for safe keeping, and while there he made a calculation of the amount with the interest, and it was at least $2100; to this appellant offered no opposing evidence; and although in his answer he denies the amount was so great, he fails to state what the true amount was, and furnished no data by which it could be ascertained; besides, the commissioner reports the amount to be over $2000 from other evidence than that of Elder. There was therefore no error in charging appellant with $2100 as the amount of notes on hand.

The third objection is without any foundation; simply because he is credited by the $75 and also the $22 making the full amount of cash on hand at death of testator, used by the family and in making up the widow's dower in the slaves.

No judgment was rendered against appellant in favor of Leander Phillips, nor his personal representative; the judgments were in favor of McWater and wife and the widow of testator, consequently any payments made to L. Phillips or for him, were not material to this controversy, and credits for payments to him would be appropriately adjusted in a settlement of his legacy. Nor have payments made for and to Mrs. Margaret Mattingly any connection with the claim of appellees; they can be allowed in a settlement of her accounts; no judgment having been rendered in her favor.

Some vouchers of payments of small amounts by the executor seem to have been found in the papers, but do not appear to have been presented to the master to whom the case was referred, nor to the court when or before the judgment was renderd, and if they were not credited it was the fault of appellant; the suit had been pending over 21 years, and ample time and opportunity was allowed him for presenting and proving every claim for credits he had, and if it was not done after such necessary and unprecedented delay in the settlement of so small an estate, further delay should not be allowed, where the laches are all on the side of the executor.

Wherefore, the judgment is *affirmed*.

*Rodman, for appellants.*